**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| BRIAN KENNETH THOMAS | * | |
| ADC# 130017 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 4:15CV00104-SWW-JJV |
| LINDSEY PAXTON, *et al.* | * | |
| | * | |
| Defendants | * | |
| | * | |
| | * | |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the new hearing (if such a hearing is granted)

1

was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

### I. BACKGROUND

Plaintiff began this pro se section 1983 action by alleging that Lindsey Paxton, Judge Ashley Vailes, and the Arkansas Department of Community Correction violated his constitutional rights. (Doc. No. 3.) After review of Plaintiff's Complaint, the Court concludes he has failed to state a claim upon which relief may be granted. Accordingly, for the reasons stated below, this action should be dismissed.

### II. SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams,* 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent,* 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts."  *Id.*

## III.  ANALYSIS

Plaintiff alleges that on November 24, 2014, after violating his parole, he was offered a seven-day sanction by Defendant Paxton, contingent upon turning himself in.  (Doc. No. 3 at 10.) He claims he turned himself in on November 26, 2014, and was transferred to the Faulkner County Jail.  (*Id*.)  Next, Plaintiff claims that on December 18, 2014, a scheduled sanction hearing was cancelled, and the unnamed hearing judge referred the decision to Dana Otto, the area supervisor. (*Id*.)  He alleges that Otto decided to continue his parole and accord him "time served."  (*Id*.)

On December 30, 2014, Plaintiff claims he received notice of a second sanction hearing. (*Id*.)  At this hearing before Judge Vailes, his parole was purportedly revoked.  (*Id*. at 8-9.)  Now, he argues that his constitutional rights were violated when the second hearing was held and the original decision was disregarded. He asks the Court to award him monetary damages, to investigate the Arkansas Department of Community Corrections for misconduct, and to overturn his parole revocation.  (*Id*. at 17-18.)  This Court declines to do so.

Plaintiff's claims for monetary damages must be denied.  It is well settled that, where an

3


inmate seeks damages for an allegedly illegal conviction, he must first prove that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (U.S. 1994). Here, Plaintiff offers no indication that Judge Vailes's decision has been overturned or invalidated. His claims for monetary damages, all of which stem from the allegedly improper revocation of his parole, should be denied accordingly.

Second, Plaintiff's request that Judge Vailes's decision be reversed should also be denied. A section 1983 action cannot be brought to challenge the fact or duration of an inmate's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (U.S. 1973). Instead, a *habeas corpus* action is the appropriate remedy in such instances. *Id*.

Lastly, the Court declines to order an investigation of the Arkansas Department of Community Corrections. Such an inquiry is beyond the scope of this action. Moreover, Plaintiff has not provided any specific allegations which indicate that the purported issues he suffered are systemic throughout the department.

**IV.   CONCLUSION**

IT IS, THEREFORE, RECOMMENDED THAT:

1.   Plaintiff's Complaint (Doc. No. 3) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.   Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

3. Any pending motions should be denied as MOOT.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

Dated this 27th day of February, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE